IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
03 JUN 30 PM 9: 51
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DERRICK LOWE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TUSCALOOSA CITY BOARD OF )<br>EDUCATION and RUSH HOWARD, )<br>in his individual capacity, )<br>)<br>Defendants. ) | Civil Action Number<br>02-C-0095-W |

ENTERED
JUL 1 2003

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Both Defendants have moved for summary judgment in this case alleging same-sex harassment. Because the undisputed facts show that Defendants are entitled to judgment as a matter of law on the sexual harassment claim, the motions are due to be granted on that claim. Defendant Rush Howard is not entitled to summary judgment on Plaintiff's state law claims.

### A. The Undisputed Facts

1. Plaintiff Derrick Lowe was hired by the Tuscaloosa City Board of Education ("TCBE") in August 1998 as a teacher at Eastwood Middle School.

2. Defendant Rush Howard ("Howard") was the Principal of Eastwood Middle School during the entirety of Plaintiff's employment there.

3. During Plaintiff's first year at Eastwood, Howard disclosed to him that he (Howard) was a homosexual. Plaintiff indicated to Howard that he was heterosexual; and that he viewed their

1



relationship as a father-son/ mentor.

4. In the fall of 1999, Howard told Plaintiff that while he was engaged in oral sex with his boyfriend, he called out Plaintiff's name. Plaintiff was deeply disturbed by this conversation and again told Howard that he was not gay and did not appreciate the disclosure of Howard's sexual activities.

5. Before Howard bombarded Plaintiff with the details of his gay lifestyle, he began offering gifts and money to Plaintiff, which Plaintiff accepted.

6. Howard assisted Plaintiff as he pursued a graduate degree in educational administration at the University of West Alabama. He recommended Plaintiff for the position of athletic director at Eastwood. Howard loaned Plaintiff his car for Plaintiff's personal errands and to travel between Tuscaloosa and Livingston for graduate classes.

7. Howard attempted to kiss Plaintiff twice during their relationship - once at Howard's home and again on the job. These "attempts" consisted of Howard's efforts to hug or embrace Plaintiff.

8. In March 2001, unbeknownst to Plaintiff, Howard made a key to Plaintiff's apartment. The following month, whole Plaintiff was at home sick, Howard used the key to enter Plaintiff's apartment. On another occasion, Howard was seen leaving Plaintiff's apartment after having entered it without the knowledge or consent of Plaintiff.

9. Howard gave or loaned Plaintiff over $5,000 in cash during the course of their relationship. Howard bought furniture valued over $2,000 for Plaintiff during this period. He bought clothes for Plaintiff and paid some of his bills. He gave Plaintiff excellent performance evaluations.

10. In late March-early April 2001, Howard learned that Plaintiff had reconciled with the

girl he had been dating. Howard came over to Plaintiff's apartment, gave him gifts, and again professed his love for Plaintiff. Howard suggested to Plaintiff that unless he yielded to Howard's sexual requests, Howard would not recommend that Plaintiff be granted tenure.

11. On May 7, 2001, Howard expressed to Plaintiff his anger over rumors that Plaintiff was using money Howard had given him to pay the rent of his (Plaintiff's) girlfriend. Plaintiff was so upset over the accusation that he missed a faculty meeting. Howard reprimanded Plaintiff ostensibly for missing the meeting and for failing to be present for Cultural Arts Day.

12. On May 10, 2001, Plaintiff contacted the Principal of Central High School's East Campus and disclosed that he felt that Howard was retaliating against him, and provided the details of his relationship with Howard over the preceding three years.

13. On May 11, 2001, based on Plaintiff's allegations, TCBE suspended Howard, with pay. It then initiated an investigation of Plaintiff's complaints. Based on that investigation, the superintendent recommended that Howard be fired. After a 17-hour hearing, TCBE voted unanimously to terminate Howard's contract on July 2, 2001. Howard has not been employed by TCBE since that time.

14. Plaintiff was granted tenure by TCBE at the end of his third year of teaching.

15. TCBE was first made aware of Plaintiff's complaints against Howard on May 10, 2003.

16. At all material times, TCBE had in effect a Sexual Harassment Policy. Plaintiff never availed himself of that policy.

17. Plaintiff has abandoned his state law claim of negligent and wanton training/supervision.

## II. Factual Conclusions

1. Plaintiff has not suffered an adverse employment action.

2. TCBE took prompt corrective action when it learned of Howard's activities and conduct towards Plaintiff.

3. As Principal of Eastwood Middle School, Howard lacked authority to make substantive employment decisions concerning the Plaintiff.

4. TCBE exercised reasonable care to prevent and promptly correct sexually harassing behavior.

5. Plaintiff unreasonably failed to take advantage of TCBE's Sexually Harassment Policy.

6. TCBE has no policy or custom of condoning sexual harassment.

## III. Conclusion of Law

1. TCBE is entitled to judgment as a matter of law on Plaintiff's claim under 42 U.S.C. § 1983 ("Section 1983").

2. TCBE is entitled to judgment as a matter of law on Plaintiff's claim under 42 U.S.C. § 2000e *et seq*.

3. Howard is entitled to judgment as a matter of law on Plaintiff's claim under Section 1983, for Plaintiff has not shown that Howard violated the United States Constitution.

4. Disputed facts preclude the granting of Howard's motion for summary judgment on Plaintiff's state law claims of assault and battery, invasion of privacy, and trespass.

Based on the foregoing Findings of Fact and Conclusions of Law, summary judgment will

be granted to TCBE. Summary judgment will also be granted on Plaintiff's Section 1983 claim against Howard.

Summary judgment will be denied on Plaintiff's state law claims against Howard. These claims will be dismissed without prejudice to Plaintiff's right to pursue them in the Circuit Court of Tuscaloosa County, with tolling of the statute of limitations should such claims be filed.

Done this 30th day of June, 2003.

_____
Chief United States District Judge
U.W. Clemon

5